## Case No. 15,148.

### UNITED STATES v. FOUR HUNDRED AND SIXTY-NINE BARRELS OF SPIRITS.

[10 Int. Rev. Rec. 205.]

District Court, E. D. Missouri. 1869.

INTERNAL REVENUE — ORDER TO PRODUCE BOOKS —FORFEITURE.

Where the United States in proceeding against certain spirits for forfeiture obtained an order upon the claimants to produce their books upon the day set for trial, or on default thereof the prosecution might have judgment, *held*, such order can properly issue under the act of 1789 [1 Stat. 73], and failure to produce the books accordingly, unexplained, would entitle the United States to have forfeiture.

[Cited in U. S. v. Distillery No. 28, Case No. 14,966.]

At the commencement of the proceedings the district attorney asked for the books of the claimants [G. S. Matteson, of New Orleans, and E. R. Goodell, of Springfield, Ill.], for the production of which the court passed an order on the 4th of January.

Mr. Noble, Dist. Atty., for the United States.

Ex-Senator Doolittle, Col. J. O. Broadhead, and Mr. Sharp, for claimants.

Col. Broadhead said that the notice of the production of the books was served on his partner, Mr. Sharp, and that he found it a few days ago amongst his papers. He overlooked the matter, and when his client, Mr. Matteson, came down a telegram was sent immediately to New Orleans to have the books sent by express. The order should, he thought, have been served on the parties themselves to entitle the government to any right growing out of the fact that the books had not been produced.

Gen. Noble—I hold I am entitled to a default, and a forfeiture of this property, unless they produce those books.

TREAT, District Judge. It was so held by this court, and the point was taken up to the circuit court, elaborately considered and affirmed. [Cases unreported.]

Gen. Noble said he was entitled to the books and could not open the case without knowing what evidence he had. He asked for the action of the court upon the order.

Mr. Doolittle said he understood the learned counsel for the United States contended that if those books were not produced upon the instant, under those circumstances he was entitled to a judgment against the parties for the whole amount of that property.

The District Attorney—I demand that, on the decision of the court affirmed by the circuit court of this circuit.

Mr. Doolittle supposed that if the court had made such a decision, it was where service

had been made upon the party, and where the party was supposed to have been guilty of a contempt of the order of the court. There can be no contempt without knowledge. In this case it would seem a very extraordinary hardship, the first notice that the books were required, only having been brought home to the claimants two or three days since, a telegram being sent immediately and the books being expected to reach here. That such a harsh remedy should be sought by the United States, seemed to him a little extraordinary at least, as he supposed the great government of the United States desired to do justice. In such a case service of the order on the attorney was not sufficient; service must be on the party.

The district attorney argued that service on the attorney was sufficient. As for the matter of the justice, the great government of the United States is as much bound and restrained in this court by law as the most humble applicant for justice who appeared within these walls. All he asked was that all parties might be bound by the law as administered in that court, and not that a loose manner of proceeding should be allowed, and the government stagger into a case blindfolded.

Mr. Doolittle admitted that for some purposes service on the attorney was sufficient, but it was not where punishment of a party was asked for contempt.

TREAT, District Judge, said the point under consideration had been fully presented to the court some time ago, and after mature deliberation the court reached its conclusion with respect to it and acted accordingly; as he had said before, the matter was taken to the circuit court, where it was very well considered and an elaborate opinion given in regard to it. Under the act of 1789 a party may procure upon the other party in such proceedings an order of that character, which order has to be complied with, or an excuse given under oath for non-compliance with it. The consequences were determined by the statute itself. The sufficiency or insufficiency of the excuse has to be determined on the incoming of it. In the present case it seemed a matter of oversight to some extent. The difficulty was that the case was now before the court, and that on the incoming of such an excuse, if it was sufficient, it involved a postponement of that matter. The law in regard to it was that at the time of the trial the books must be produced or an excuse given under oath, by the party himself, why he did not produce them.

Col. Broadhead said that Mr. Matteson was expected that evening; he was detained by sickness in his family.

Gen. Noble to Col. B.—Will you produce the books?

Col. Broadhead—We will do so if we can get them.

Gen. Noble said he did not make the motion from frivolity and he desired nothing but

that which the law which he invoked entitled him to.

THE COURT postponed further proceedings to allow the claimant to make an affidavit this morning in regard to the matter.